1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TOMMY HENDERSON,                       No.  2:13-cv-0344 DAD P

12                  Plaintiff,

13        v.                                ORDER

14   S. TSENG et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2  1915(b)(2).

3  **SCREENING REQUIREMENT**

4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9  U.S.C. § 1915A(b)(1) & (2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Dr. Tseng, Chief Medical Officer Smith, and Chief Executive Officer Fay as the defendants. In the space provided on the form complaint for plaintiff's "Statement of Claim," plaintiff refers the court to his attached inmate appeals and prison officials' responses thereto. According to plaintiff's attachments, it appears that plaintiff has filed this civil rights action because he is dissatisfied with the medical treatment he has received for chronic inner ear infections that are purportedly causing him to lose his hearing. Plaintiff appears to be particularly dissatisfied with the delay he experienced before receiving a referral to see an ENT or Audiologist. In terms of relief, plaintiff requests monetary damages. (Compl. at 3 & Attachs.)

1

**DISCUSSION**

2        Based on plaintiff's complaint, the court is unable to determine whether the current action

3  is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain

4  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

5  pleading policy, a complaint must give fair notice to the defendants and must allege facts that

6  support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

7  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

8  overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to

9  comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

10  However, the court will grant plaintiff leave to file an amended complaint.

11        If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating

12  how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

13  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

14  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

15  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

16  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

17  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

18  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

19  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20        Plaintiff's complaint suffers from a number of deficiencies.  As an initial matter, although

21  in some instances exhibits can be useful in supporting and explaining the allegations made by a

22  plaintiff in his or her complaint, the court will not sift through exhibits attached to a complaint to

23  attempt to determine the precise nature of plaintiff's claims against defendants in this action.  In

24  any amended complaint, plaintiff will need to allege in specific terms on the form complaint how

25  the named defendants were "deliberately indifferent" to his serious medical needs in either

26  denying or providing inadequate medical care to him.  See Estelle v. Gamble, 429 U.S. 97, 106

27  (1976) (inadequate medical care did not constitute cruel and unusual punishment cognizable

28  under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious

4

1  medical needs."). Plaintiff is cautioned that, in applying the deliberate indifference standard, the

2  Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

3  "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or

4  'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d

5  458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

6  In addition, insofar as plaintiff's primary complaint is about the delay he experienced

7  before he received a referral to see an ENT or Audiologist, he is advised that delays in providing

8  medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. However, to

9  establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must

10  show that the alleged delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.

11  1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990);

12  Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison

13  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm

14  was substantial; however, such would provide additional support for the inmate's claim that the

15  defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

16  2006). See also McGuckin, 974 F.2d at 1060.

17  Finally, the court observes that plaintiff has named two supervisory officials as the

18  defendants in this action. However, plaintiff has not alleged what specific acts each defendant

19  engaged in to violate his constitutional rights. As noted above, supervisory personnel are

20  generally not liable under § 1983 for the actions of their employees under a theory of respondeat

21  superior and, therefore, when a named defendant holds a supervisorial position, the causal link

22  between him and the claimed constitutional violation must be specifically alleged. See Starr v.

23  Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory defendant may be held liable under §

24  1983 only "'if there exists either (1) his or her personal involvement in the constitutional

25  deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and

26  the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

27  Plaintiff is informed that the court cannot refer to a prior pleading in order to make

28  plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be

1   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

2   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

3   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

4   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

5   and the involvement of each defendant must be sufficiently alleged.

6                                                    **CONCLUSION**

7              Accordingly, IT IS HEREBY ORDERED that:

8              1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is granted.

9              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

11   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12   Director of the California Department of Corrections and Rehabilitation filed concurrently

13   herewith.

14             3.  Plaintiff's complaint is dismissed.

15             4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

16   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

17   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

18   assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

19   complaint in accordance with this order will result in a recommendation that this action be

20   dismissed without prejudice.

21             5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

22   rights action.

23   Dated:  January 29, 2014

24

25                                                                    Dale A. Drozd
                                                                       _____
26   DAD:9                                                            DALE A. DROZD
     hend0344.14a                                                    UNITED STATES MAGISTRATE JUDGE
27

28

                                                                6