1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  TOMMY HENDERSON,                           No. 2:13-cv-0344 DAD P
12          Plaintiff,
13       v.                                    ORDER AND
14  S. TSENG et al.,                           FINDINGS AND RECOMMENDATIONS
15          Defendant.

16
17      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights
18 action brought pursuant to 42 U.S.C. § 1983.  For the reasons discussed herein, the court will
19 recommend that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

                                    **BACKGROUND**

21      On January 23, 2015, counsel on behalf of defendant Dr. Tseng filed a motion for
22 summary judgment, arguing that plaintiff could not present evidence establishing that the
23 defendant was deliberately indifferent to plaintiff's medical needs and that plaintiff had failed to
24 exhaust his administrative remedies prior to filing suit as required.  (Doc. No. 22)  Plaintiff had
25 not opposed the motion, so on March 6, 2015, this court issued an order to show cause.  (Doc. No.
26 23)  In the order, the court ordered plaintiff to file an opposition to defendant's motion for
27 summary judgment within thirty days and warned plaintiff that failure to do so would result in a
28 /////

1

recommendation that this action be dismissed.  (Id.)  That thirty-day period has now expired. Nonetheless, plaintiff still has not filed any opposition to that motion.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint.  The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action.  This case has been pending before the court since February 21, 2013, and has reached the summary judgment stage of the litigation.  Plaintiff's failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no intention to diligently pursue.  Notably, the court specifically warned plaintiff in its March 6, 2015, order to show cause that any failure on his part to file an opposition to defendant's motion for summary judgment would result in a recommendation that this action be dismissed.  Inexplicably, plaintiff has still not filed any opposition to defendant's motion as required nor has he responded to the court's order to show cause in any way.  Under these circumstances, there is no suitable less drastic alternative to dismissal of this case.

The third factor, the risk of prejudice to defendant Dr. Tseng, also weighs in favor of dismissal.  Plaintiff's failure to oppose the defendant's motion for summary judgment prevents the defendant from addressing plaintiff's claims and unnecessarily delays resolution of this action

thereby forcing the defendant to incur additional time and expense. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("When considering prejudice to the defendant, 'the failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure…. The law presumes injury from unreasonable delay.'") (quoting Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976)).

Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs against dismissal of this action. However, for the reasons set forth above, the first, second, third, and fifth factors support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 21, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hend0344.57